## No. 13,804.

### CLARA BARBER VS. WOODLEY WATSON.

#### SYLLABUS.

1. One who occupies the position of widow in community and sole heir *ab intestato,* has such an interest in the property of the community which had existed between her deceased husband and herself, as to entitle her, in default of the appointment of any one charged with that duty, to invoke the aid of the court for its preservation.
2. And where, in such a case, having, in the capacity of widow and heir, instituted a suit and caused such property to be seized, the plaintiff is thereafter appointed administratrix and makes herself a party to such suit in that capacity, there is no substitution of a new plaintiff, but, in so far as the succession is concerned, merely the substitution of a representative formally authorized for one whose authorization, though sufficient for the purpose, was informal.

IN RE Woodley Watson, applying for *certiorari,* or writ of review, to the Court of Appeal, Second Circuit, State of Louisiana.

*Andrew Augustus Gunby,* for Woodley Watson, Defendant, Applicant.

*Madison & Madison,* for Clara Barber, Plaintiff, Respondent.

The opinion of the court was delivered by

MONROE, J. We are asked to review a judgment of the Court of Appeal for the Second Circuit, based upon the following facts and pleadings, to-wit:

Thomas Barber died, intestate, in the parish of Morehouse, in July, 1899, leaving Clara Barber as his widow in community and sole heir; and, shortly thereafter, she was sent into possession of his estate by an *ex parte* judgment, upon her petition to that effect.

Thereafter, Woodley Watson applied for the administration of said estate, and his application having been denied, he appealed from the

judgment, and he and Americus Watson also appealed, devolutively, from the judgment putting Clara Barber in possession. The two appeals were heard in this court, and it was held that an administration should have been ordered, but that, as between Clara Barber and Woodley Watson, the former was entitled to such administration; and the judgment so rendered by this court became final in March, 1900. Pending the said appeals, however, Clara Barber, appearing in the capacity of widow in community and heir of Thomas Barber, filed a suit in the District Court claiming that the community which had existed between herself and her deceased husband was interested in a certain lot of cotton, which had been raised upon the share system, and, making the allegations otherwise required, had caused said cotton, amounting to about ten bales, to be seized under a writ of sequestration. To this proceeding the defendant therein, Woodley Watson, filed an exception, to the effect that the plaintiff had not been legally recognized as the sole heir of Thomas Barber and was, therefore, without interest or capacity to prosecute the suit. But, before any action had been taken upon said exception, the judgment hereinbefore referred to was rendered by this court. Clara Barber, thereupon, qualified as administratrix of the succession of Thomas Barber, and, in that capacity, made herself a party to the pending suit against Woodley Watson, and asked that judgment be rendered therein as prayed for in the original petition; and, Watson's exception having been overruled, he answered to the merits and there was a trial and judgment for the plaintiff, maintaining the writ and declaring her to be entitled to four and a quarter bales of the cotton seized. From the judgment so rendered the appellant appealed to the Court of Appeal, where said judgment was affirmed, and it is the action last mentioned that we are asked to review.

The proposition of the learned counsel for the applicant is, that, the suit having been brought by Clara Barber as widow in community and heir, her subsequent appearance as administratrix was the substitution of a new party plaintiff for which there is no authority in law; and hence, that the judgment of the District Court should have been reversed and the suit dismissed.

We are unable to concur in this view. Clara Barber, whether as widow in community or as heir of Thomas Barber, and irrespective of any recognition which she may have received by the judgment of the District Court putting her in possession, had such an interest in the property of the community which had existed between her deceased husband and herself as entitled her, in default of the appointment of

any one charged with that duty, to invoke the aid of the court for its preservation. And *quoad* her acts in that behalf, so long as they were merely administrative and conservatory, she may be said to have represented the succession and to have continued to represent it, subject, no doubt, to certain personal liability, until a representative, formally authorized by the court, appeared to take her place. That the case was somewhat urgent appears from the following statement, which we find in the opinion of the Court of Appeal, to-wit:

"On the merits, the defendant's own testimony shows that there were "abundant grounds for the writ to issue, as he was using all diligence "to gin and sell the property, to pay his own debts with it, or pocket it." Under these circumstances, we think that the subsequent appearance of Clara Barber, in her capacity of administratrix, was not the substitution of a new plaintiff, but rather the appearance of an original plaintiff, through a representative whose authority was formally conferred, whereas the authority of the representative by whom the suit was brought had resulted from the necessity of the situation, and was informal.

We find no error in the judgment complained of. It is, therefore, ordered, adjudged and decreed that the preliminary order herein issued be avoided and annulled and that this application be denied at the cost of the applicant.

Rehearing refused.

PROVOSTY, J., takes no part—this case having been submitted prior to his taking his seat on this bench.